IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARRY T. COLLINS,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             ) Civ. No. 13-734-SLR
                                     )
GOVERNOR MARKELL,                    )
                                     )
            Defendant.               )

## MEMORANDUM ORDER

At Wilmington this 26th day of June, 2013, having screened the case pursuant to

28 U.S.C. § 1915(e)(2);

IT IS ORDERED that:  (1) the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) without prejudice to the filing of an action in State court, for

the reasons that follow:

1. **Background**. Plaintiff is a convicted felon and claims discrimination.  He

alleges that, because of his convicted felon status, he cannot access his deceased

mother's bank account to obtain money that is rightfully his.  He seeks relief to obtain a

"short form from the register of wills to obtain moneys [sic] that [his mother] left him in

her accounts."

2. **Standard of review**.  This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915(e)(2).  The court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a pro se plaintiff.  *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5.  A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949.  When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated. *Id.*  The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.  Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211.  In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6.  **Discussion**.  Plaintiff  does not indicate under which statute he proceeds.  To the extent he claims discrimination under 42 U.S.C. § 1983, the claim against Delaware Governor Markell ("Markell") fails.  There are no allegations in the complaint indicating

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

that Markell took any action or had any involvement in the administration of the estate of plaintiff's mother. "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] *Iqbal*, 556 U.S. 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." The complaint fails to associate any of the allegations with Markell. As a result, the claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

7. **Short certificate**. Finally, this court does not have jurisdiction over plaintiff's claims as written. Under the judicially created "probate exception," federal courts have no jurisdiction to conduct any proceeding involving probate of a will or administration of an estate. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006). Plaintiff alleges that the Register of Wills refused to issue him a short certificate showing evidence of his authority to administer his mother's estate because of his status as a convicted felon.[3]

---

[2]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

[3]Court records indicate that in 1997, plaintiff was convicted in this District Court under 18 U.S.C. §§ 286 and 287 for conspiracy to defraud the government by filing false claims and filing false claims. *See United States v. Collins*, Crim. No. 97-0008-JJF-1. It appears that he was also incarcerated in the Delaware Department of Correction.

4

8. Delaware law provides that "letters . . . of administration, shall not be granted . . . to a person convicted of a crime disqualifying the person from taking an oath." 23 Del. C. § 1508. The Delaware Court of Chancery has found that, for purposes of § 1508, the disqualifying crimes are "infamous crimes," in other words, felonies. *In Re Estate of Trammel*, 2010 WL 692328, at *1 (Del. Ch. Feb. 9, 2010). *See also In Re Request of Governor for Advisory Opinion*, 950 A.2d 651 (Del. 2008) (in a different context, the Delaware Supreme Court has interpreted the phrase "infamous crime" narrowly, indicating that a court must examine the purposes for exclusion of those guilty of infamous crimes from the class in question, as well as the type and circumstances of the crime committed, in determining whether a particular crime shall be regarded as "infamous."). The court does not have jurisdiction to grant the relief requested. Plaintiff's remedy to be named as administrator of his mother's estate lies with the Delaware State Courts.

9. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) without prejudice to the filing of an action in State court. The court finds amendment futile. The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE